Hugh Coyle, J.
This is a motion by plaintiffs for an order granting summary judgment in a negligence action, pursuant to rule 113 of the Rules of Civil Practice, and an assessment of damages.
Plaintiff was traveling north on Route 9-W in the Town of Stoney JPoint, Rockland County, N. Y., and defendant (now deceased), was traveling in the opposite direction. It is not disputed that defendant traversed a double white line dividing the highway and thus caused the accident in which plaintiff was seriously injured,
*355 In a motor vehicle report filed after the accident the defendant stated as follows: “ Car #1 (defendant’s) going south—slight bend in road—Car #1 was over white line, hit Car #2 going north on Route 9-W.”
In his examination before- trial by plaintiffs, defendant admitted crossing the double white line and running into the plaintiffs’ vehicle. In addition he has in his examination before trial admitted being taken before a local Magistrate, charged with crossing the double white line, entered a plea of guilty and paid the fine imposed.
It thus appears that there is no question raised regarding the above facts. However, defendant’s attorneys oppose the application for summary judgment solely upon the ground that the defendant has since died and that they should therefore be given an opportunity to examine the plaintiffs and their witnesses as to the ‘ ‘ facts of this accident, the alleged negligence of the late Henry Beyers, and the freedom from contributory negligence on the part of the plaintiff.” Said attorneys in the affidavit of opposition speculate that “ Such swerving and collision with another car does permit an inference of fact that the car was negligently operated, but it also permits an inference of fact that some unforeseen event such as heart attack, a stroke or some mechanical failure brought about the occurrence without any negligence on the part of-the operator.” Assuming all this to be true, the defendant had ample opportunity to explain away the accident, either at the scene of same; when he was before the local Judge charged with crossing the double white line, in his motor vehicle report and upon his examination before trial. Nowhere does it appear that defendant attributed anything but his own negligence to the happening of the accident. It is difficult for the court to understand how such facts as are mentioned as possible causes for the happening of this accident' will be developed by cross-examination of the plaintiffs or their witnesses.
Plaintiffs’ motion for summary judgment is, therefore, in all respects granted.